UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

Eastern District of Kentucky
**FILED**

MAR - 2 2012

AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

**UNITED STATES OF AMERICA**

V.                                                            INDICTMENT NO. <u>12-19-S-KSF</u>

**MARCO ANTONIO FLORES-BENITEZ,
ROXANA SERNA-OLEA,
ADRIAN LEZAMA-RUIZ, and
ROBERTO SALINAS-RIVERA**

\* \* \* \* \*

**THE GRAND JURY CHARGES:**

<u>**COUNT 1**</u>
**18 U.S.C. §§ 1591(a) and (b)(1)**

From on or about September 1, 2009, the exact date unknown, and continuing until on or about January 31, 2011, the exact date unknown, in Fayette County, in the Eastern District of Kentucky, and elsewhere,

**MARCO ANTONIO FLORES-BENITEZ**

did knowingly, in and affecting interstate commerce, recruit, entice, harbor, transport, provide, and obtain by any means F.T., and did benefit, financially and by receiving something of value, from participation in a venture that engaged in such acts, knowing that force, fraud, and coercion would be used to cause F.T. to engage in commercial sex acts, in

violation of 18 U.S.C. §§ 1591(a) and (b)(1).

## COUNT 2
## 18 U.S.C. § 1594(c)

From on or about September 1, 2009, the exact date unknown, and continuing until on or about January 31, 2011, the exact date unknown, in Fayette County, in the Eastern District of Kentucky, and elsewhere,

**MARCO ANTONIO FLORES-BENITEZ**

conspired and agreed with others, to commit offenses against the United States, to wit: to knowingly, in and affecting commerce, recruit, entice, harbor, transport, provide, and obtain by any means F.T., and to benefit, financially and to receive something of value, from participating in a venture that engaged in such acts, knowing that force, fraud, and coercion would be used to cause F.T. to engage in commercial sex acts, in violation of 18 U.S.C. §§ 1591 (a) and (b)(1), all in violation of 18 U.S.C. § 1594(c).

## COUNT 3
## 18 U.S.C. § 2421

From on or about September 1, 2009, the exact date unknown, and continuing until on or about January 31, 2011, the exact date unknown, in Fayette County, in the Eastern District of Kentucky, and elsewhere,

**MARCO ANTONIO FLORES-BENITEZ**

knowingly transported F.T. in interstate commerce from Lexington, Kentucky, to Knoxville, Tennessee, with the intent that F.T. engage in prostitution and in sexual activity for which a person can be charged with a criminal offense, in violation of 18 U.S.C. § 2421.

## COUNT 4
## 18 U.S.C. § 2421

From on or about September 1, 2009, the exact date unknown, and continuing until on or about January 31, 2011, the exact date unknown, in Fayette County, in the Eastern District of Kentucky, and elsewhere,

**MARCO ANTONIO FLORES-BENITEZ**

knowingly transported F.T. in interstate commerce from Lexington, Kentucky, to Nashville, Tennessee, with the intent that F.T. engage in prostitution and in sexual activity for which a person can be charged with a criminal offense, in violation of 18 U.S.C. § 2421.

## COUNT 5
## 18 U.S.C. § 2421

From on or about September 1, 2009, the exact date unknown, and continuing until on or about January 31, 2011, the exact date unknown, in Fayette County, in the Eastern District of Kentucky, and elsewhere,

**MARCO ANTONIO FLORES-BENITEZ**

knowingly transported F.T. in interstate commerce from Lexington, Kentucky, to Indianapolis, Indiana, with the intent that F.T. engage in prostitution and in sexual activity for which a person can be charged with a criminal offense, in violation of 18 U.S.C. § 2421.

## COUNT 6
## 18 U.S.C. § 2421

From on or about September 1, 2009, the exact date unknown, and continuing until on or about January 31, 2011, the exact date unknown, in Fayette County, in the Eastern

District of Kentucky, and elsewhere,

**MARCO ANTONIO FLORES-BENITEZ**

knowingly transported F.T. in interstate commerce from Lexington, Kentucky, to Cincinnati, Ohio, with the intent that F.T. engage in prostitution and in sexual activity for which a person can be charged with a criminal offense, in violation of 18 U.S.C. § 2421.

## COUNT 7
## 18 U.S.C. § 2421

From on or about September 1, 2009, the exact date unknown, and continuing until on or about January 31, 2011, the exact date unknown, in Fayette County, in the Eastern District of Kentucky, and elsewhere,

**MARCO ANTONIO FLORES-BENITEZ**

knowingly transported F.T. in interstate commerce from Lexington, Kentucky, to Columbus, Ohio, with the intent that F.T. engage in prostitution and in sexual activity for which a person can be charged with a criminal offense, in violation of 18 U.S.C. § 2421.

## COUNT 8
## 18 U.S.C. § 371

From on or about December 1, 2006, the exact date unknown, and continuing until on or about November 15, 2011, in Fayette County, in the Eastern District of Kentucky, and elsewhere,

**MARCO ANTONIO FLORES-BENITEZ,
ROXANA SERNA-OLEA,
ADRIAN LEZAMA-RUIZ, and
ROBERTO SALINAS-RIVERA**

knowingly and voluntarily conspired and agreed with each other and others to commit

offenses against the United States, to wit: persuading, inducing, and enticing any individual to travel in interstate commerce to engage in prostitution and in sexual activity for which any person can be charged with a criminal offense in violation of 18 U.S.C. § 2422(a), all in violation of 18 U.S.C. § 371.

## The Conspiracy and Its Objects

1. The defendants conspired to create and operate a network of brothels and prostitution delivery services using women from Spanish-speaking countries in the Commonwealth of Kentucky, including the Eastern District of Kentucky.

2. The principal object of the conspiracy was to obtain money for the ultimate personal gain, benefit, profit, advantage, and accommodation of the defendants and their co-conspirators.

## Manner and Means of the Conspiracy

3. It was part of the conspiracy that the defendants recruited Spanish-speaking women, many of whom illegally entered the United States and engaged them to become prostitutes.

4. It was further a part of the conspiracy that the defendants caused these prostitutes to travel in interstate commerce from North Carolina, South Carolina, Tennessee, Alabama, Michigan, Illinois, Indiana, Ohio, and Maryland to work in brothels in Lexington, Kentucky and prostitution delivery services in the Eastern and Western Districts of Kentucky.

5. It was further a part of the conspiracy that the defendants handled the prostitutes, keeping a prostitute in one location for approximately a week at a time.

6. It was further a part of the conspiracy that the customers paid the defendants $30 for fifteen minutes of sexual activity with a prostitute.

7. It was further a part of the conspiracy that the defendants operated fixed locations where prostitution services were offered (brothels) and operated prostitution delivery services, in which they delivered or caused to be delivered, prostitutes to another location where they engaged customers in sexual intercourse.

8. It was further a part of the conspiracy that the defendants advertised their brothels and prostitution delivery services via word of mouth in the Spanish-speaking communities and via business cards printed in Spanish. The business cards used code words for prostitution services, including, but not limited to, clothing, taxi-cab service, flowers, and auto repair shop.

9. It was further a part of the conspiracy that the defendants provided and arranged for the prostitutes to travel from one state to another, using private transport, interstate travel by car, and public bus transport.

10. It was further a part of the conspiracy that the defendants arranged and controlled the prostitutes' working conditions, including the number of customers, the working hours, and the location. The defendants' prostitutes were generally expected to engage in sexual intercourse with multiple customers per day in order to maximize the defendants' profits. The defendants controlled the prostitutes' freedom and movements. In most instances, the prostitutes were required to purchase condoms using their own money.

11. It was further a part of the conspiracy that the defendants operated a brothel at

1029 Cross Keys Drive, Apartment Number 5, Lexington, Kentucky.

12. It was further a part of the conspiracy that the defendants operated prostitution delivery services from 923 Delaware Avenue, Lexington, Kentucky to customers in Fayette, Woodford, Shelby, Oldham, and Jefferson Counties, Kentucky.

13. It was further a part of the conspiracy that the defendants instructed the prostitutes to disclaim any knowledge of the prostitution business in the event that they were questioned by law enforcement officers.

## Overt Acts

1. On October 14, 2011, **ROBERTO SALINAS-RIVERA** drove to Wal-Mart on Grey Lag Way, Lexington, Kentucky, and purchased business card paper to make business cards which were used to advertise and promote the prostitution business.

2. On October 14, 2011, **ROXANA SERNA-OLEA** drove to Wal-Mart on Grey Lag Way, Lexington, Kentucky, and purchased a 40 count box of "Lifestyle" condoms which were subsequently used to further the prostitution business.

3. On October 24, 2011, **ROBERTO SALINAS-RIVERA** drove an unknown female to Keeneland, Lexington, Kentucky, for the purpose of engaging in prostitution.

4. On October 24, 2011, **ROBERTO SALINAS-RIVERA** drove the unknown female referred to in Overt Act #3 to 934 Loudon Avenue and 655 Elm Tree Lane, Lexington, Kentucky, for the purpose of engaging in prostitution.

5. On October 31, 2011, **MARCO ANTONIO FLORES-BENITEZ** picked up an unknown female from the Greyhound bus station in Lexington, Kentucky, and then drove the

unknown female to the parking lot of Chase Bank on Broadway in Lexington, Kentucky, at which time the unknown female exited his vehicle and got into another vehicle driven by **ROXANA SERNA-OLEA**.

6. On October 31, 2011, **ROXANA SERNA-OLEA** drove the unknown female referred to in Overt Act #5 to 923 Delaware Avenue, Lexington, Kentucky, and pulled the vehicle into the backyard where they could not be seen when they exited the vehicle.

7. On November 2, 2011, **ROXANA SERNA-OLEA** drove the unknown female she had driven around on October 31, 2011, referred to in Overt Act #6, from 923 Delaware Avenue to multiple apartment buildings in Jefferson County, Kentucky, for the purpose of engaging in prostitution.

8. On November 2, 2011, **ROXANA SERNA-OLEA** arrived at 923 Delaware Avenue with an unknown female as her passenger. The gate was closed blocking the driveway to the back of the residence. **SERNA-OLEA** had the female remain in the vehicle while **SERNA-OLEA** exited and opened the gate. **SERNA-OLEA** then drove to the rear of the residence out of view before having the female exit the vehicle. Subsequent to having the female exit the vehicle out of sight, **SERNA-OLEA** drove the vehicle to the front of 923 Delaware Avenue and parked on the street in front of the residence.

9. On November 3, 2011, **ROXANA SERNA-OLEA** drove the female referred to in Overt Act #8 to several locations in Owen County, Kentucky and Jefferson County, Kentucky, for the purpose of engaging in prostitution.

10. On November 7, 2011, **MARCO ANTONIO FLORES-BENITEZ** spoke to a

female by telephone who was in Nashville, Tennessee, and told the female that things were good in Lexington and that the female should come to work for him in December, around Christmas.

11. On November 7, 2011, **MARCO ANTONIO FLORES-BENITEZ** drove to the Grey Hound bus station in Lexington, Kentucky, and picked up a female later identified as M.M.M., who had arrived from Chicago, Illinois. **FLORES-BENITEZ** drove M.M.M. to 1029 Cross Keys Drive, Lexington, Kentucky, and dropped her off at that location for the purpose of engaging in prostitution at the direction of **ADRIAN LEZAMA-RUIZ**.

12. On November 7, 2011, **MARCO ANTONIO FLORES-BENITEZ** and **ROXANA SERNA-OLEA** drove to 1029 Cross Keys Drive and picked up **ADRIAN LEZAMA-RUIZ** and M.M.M. Then **FLORES-BENITEZ** drove **ADRIAN LEZAMA-RUIZ** and M.M.M. to Wal-Mart on Tiverton Way to purchase groceries.

13. On November 14, 2011, **ROXANA SERNA-OLEA** drove M.M.M. from Lexington, Kentucky, to several locations in Louisville, Jefferson County, Kentucky, for the purpose of engaging in prostitution.

14. On November 14, 2011, **ROBERTO SALINAS-RIVERA** drove D.S.E. to several locations in Fayette County, Kentucky, for the purpose of engaging in prostitution and then paid her $15.00 per customer.

15. On November 15, 2011, **ROBERTO SALINAS-RIVERA** drove D.S.E. to several locations in Fayette County, Kentucky, for the purpose of engaging in prostitution. **SALINAS-RIVERA** then drove D.S.E. to 481 East New Circle Road, Lexington, Kentucky,

so D.S.E. could conduct a wire transfer sending $407.00, which she had earned from engaging in prostitution to her family in the Dominican Republic.

16. On November 15, 2011, **ADRIAN LEZAMA-RUIZ** was at 1029 Cross Keys Drive, Apartment Number 5, for the purpose of utilizing M.M.M. to engage in acts of prostitution.

## COUNT 9
## 18 U.S.C. §§ 2422(a) and 2

From on or about December 1, 2006, the exact date unknown, and continuing until on or about October 31, 2010, the exact date unknown, in Fayette County, in the Eastern District of Kentucky, and elsewhere,

**MARCO ANTONIO FLORES-BENITEZ,
ROXANA SERNA-OLEA,
ADRIAN LEZAMA-RUIZ, and
ROBERTO SALINAS-RIVERA,**

aided and abetted by each other, knowingly persuaded, induced, and enticed R.G.M. to travel in interstate commerce, that is, from several states, including Tennessee, Georgia, Michigan, Indiana, North Carolina, Illinois, and Ohio, to Kentucky, to engage in prostitution and in sexual activity for which a person can be charged with a criminal offense, in violation of 18 U.S.C. §§ 2422(a) and 2.

## COUNT 10
## 18 U.S.C. §§ 2422(a) and 2

From on or about June 1, 2010, the exact date unknown, and continuing until on or about June 30, 2011, the exact date unknown, in Fayette County, in the Eastern District of Kentucky, and elsewhere,

**MARCO ANTONIO FLORES-BENITEZ,
ROXANA SERNA-OLEA,
ADRIAN LEZAMA-RUIZ, and
ROBERTO SALINAS-RIVERA,**

aided and abetted by each other, knowingly persuaded, induced, and enticed R.V.G.D. to travel in interstate commerce, that is, from several surrounding states, including Tennessee, to Kentucky, to engage in prostitution and in sexual activity for which a person can be charged with a criminal offense, in violation of 18 U.S.C. §§ 2422(a) and 2.

### COUNT 11
### 18 U.S.C. §§ 2422(a) and 2

From on or about September 1, 2011, the exact date unknown, and continuing until on or about November 15, 2011, in Fayette County, in the Eastern District of Kentucky, and elsewhere,

**MARCO ANTONIO FLORES-BENITEZ,
ROXANA SERNA-OLEA,
ADRIAN LEZAMA-RUIZ, and
ROBERTO SALINAS-RIVERA,**

aided and abetted by each other, knowingly persuaded, induced, and enticed M.M.M. to travel in interstate commerce, that is, from South Carolina and Illinois to Kentucky, to engage in prostitution and in sexual activity for which a person can be charged with a criminal offense, in violation of 18 U.S.C. §§ 2422(a) and 2.

### COUNT 12
### 18 U.S.C. §§ 2422(a) and 2

From on or about November 10, 2011, and continuing until on or about November 15, 2011, in Fayette County, in the Eastern District of Kentucky, and elsewhere,

**MARCO ANTONIO FLORES-BENITEZ,
ROXANA SERNA-OLEA,
ADRIAN LEZAMA-RUIZ, and
ROBERTO SALINAS-RIVERA,**

aided and abetted by each other, knowingly persuaded, induced, and enticed D.S.E. to travel in interstate commerce, that is, from Tennessee to Kentucky, to engage in prostitution and in sexual activity for which a person can be charged with a criminal offense, in violation of 18 U.S.C. §§ 2422(a) and 2.

## COUNT 13
### 8 U.S.C. §§ 1326(a) and (b)(2)

On or about November 16, 2011, in Fayette County, in the Eastern District of Kentucky,

**MARCO ANTONIO FLORES-BENITEZ,**

an alien who had previously been deported from the United States subsequent to a conviction for commission of an aggravated felony, did knowingly and unlawfully enter and was found in the United States at Fayette County, Kentucky, the said defendant having not obtained the consent of the Attorney General of the United States, or his successor, the Secretary of the Department for Homeland Security, for re-application for admission into the United States, all in violation of 8 U.S.C. §§ 1326(a) and (b)(2).

## COUNT 14
### 8 U.S.C. § 1325(a)(1) and (2)

On or about November 16, 2011, in Fayette County, in the Eastern District of Kentucky,

**ROXANNA SERNA-OLEA,**

being an alien, was apprehended after having entered the United States at a time and place other than as designated by immigration officers, and after having eluded examination and inspection by immigration officers, all in violation of 8 U.S.C. §§ 1325(a)(1) and (2).

## COUNT 15
## 8 U.S.C. § 1325(a)(1) and (2)

On or about November 16, 2011, in Fayette County, in the Eastern District of Kentucky,

### ADRIAN LEZAMA-RUIZ,

being an alien, was apprehended after having entered the United States at a time and place other than as designated by immigration officers, and after having eluded examination and inspection by immigration officers, all in violation of 8 U.S.C. §§ 1325(a)(1) and (2).

## COUNT 16
## 8 U.S.C. § 1326(a)

On or about November 16, 2011, in Fayette County, in the Eastern District of Kentucky,

### ROBERTO SALINAS-RIVERA,

an alien who had previously been deported from the United States, did knowingly and unlawfully enter and was found in the United States at Fayette County, Kentucky, the said defendant having not obtained the consent of the Attorney General of the United States, or his successor, the Secretary of the Department for Homeland Security, for re-application for

admission into the United States, all in violation of 8 U.S.C. § 1326(a).

**A TRUE BILL**

*[signature]*
**KERRY B. HARVEY**
**UNITED STATES ATTORNEY**

## PENALTIES

**COUNT 1:** Not less than 15 years to life imprisonment, $250,000 fine, or both, and not more than 5 years supervised release.

**COUNT 2:** Any term of years to life imprisonment, $250,000 fine, or both, and not more than 5 years supervised release.

**COUNTS 3-7:** Not more than 10 years imprisonment, $250,000 fine, or both, and not more than 3 years supervised release.

**COUNT 8:** Not more than 5 years imprisonment, $250,000 fine or both, and not more than 3 years supervised release.

**COUNTS 9-13:** Not more than 20 years imprisonment, $250,000 fine, or both, and not more than 3 years supervised release.

**COUNTS 14-15:** Not more than 6 months imprisonment, $5,000 fine.

**COUNT 16:** Not more than 2 years imprisonment, $250,000 fine, or both, and not more than 1 year supervised release.

**PLUS:** Mandatory special assessment of $100 per count.

**PLUS:** Restitution, if applicable.